FILED
2021 Jun-30  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: NEAL MOORE**



County: **31**   Case Number: **CV-2021-900272.00**   Court Action:
Style: **JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.**

**Real Time**

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **31-ETOWAH** | Case Number: **CV-2021-900272.00** | Judge: **CDR:CODY D. ROBINSON** |
| Style: | **JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.** | | |
| Filed: | **06/01/2021** | Case Status: **ACTIVE** | Case Type: **OTHER CV CASE** |
| Trial Type: | **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: | **1** | No of Defendants: **1** | |

### Damages

| | | | |
|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | | Compensatory Damages: **0.00** | |
| Pay To: | | Payment Frequency: | Cost Paid By: |

### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: **0** | Judgment For: |
| Disposition Date of Appeal: | | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | |
| Date Trial Began but No Verdict (TBNV2): | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Appeal To Desc: / Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: **06/01/2021** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - NELSON JESSICA

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: **NELSON JESSICA** | | Type: | **I-INDIVIDUAL** |
| Index: | **D EXPERIAN INF** | Alt Name: | Hardship: **No** | JID: | **CDR** |
| Address 1: | **C/O METHVIN TERRELL** | | Phone: | **(256) 000-0000** | |

| | |
|---|---|
| Address 2: | **2201 ARLINGTON AVENUE S** |
| City: | **BIRMINGHAM** State: **AL** |
| SSN: | **XXX-XX-X999** DOB: |

Zip: **35205-0000** Country: **US**
Sex: **F** Race:

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | STE153 | | STEPHENS JAMES MATTHEW | MSTEPHENS@MTATTORNEYS.COM | (205) 939-0199 |
| Attorney 2 | REB004 | | REBARCHAK BROOKE BOUCEK | BREBARCHAK@MMLAW.NET | (205) 939-0199 |
| Attorney 3 | SEA030 | | SEALS WALLACE WHITNEY | WHITNEY@COCHRUNSEALS.COM | (205) 323-3900 |

## Party 2 - Defendant BUSINESS - EXPERIAN INFORMATION SOLUTIONS, INC.

### Party Information

| | | | |
|---|---|---|---|
| Party: | **D001-Defendant** | Name: **EXPERIAN INFORMATION SOLUTIONS, INC.** | Type: **B-BUSINESS** |
| Index: | **C NELSON JESSI** | Alt Name: | Hardship: **No** JID: **CDR** |
| Address 1: | **C/O CT CORPORATION SYSTEM** | | Phone: **(256) 000-0000** |
| Address 2: | **4400 EASTON COMMONS WAY** | | |
| City: | **COLUMBUS** | State: **OH** | Zip: **43219-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **06/01/2021** | Issued Type: **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $17.84 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $446.00 | $463.84 | -$17.84 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/2021 | CREDIT | CONV | 2021172 | 2349580 | $17.84 | C001 | 000 | | N | | | CAC |
| 06/02/2021 | RECEIPT | CV05 | 2021172 | 2349590 | $301.00 | C001 | 000 | | N | | | CAC |
| 06/02/2021 | RECEIPT | JDMD | 2021172 | 2349600 | $100.00 | C001 | 000 | | N | | | CAC |
| 06/02/2021 | RECEIPT | VADM | 2021172 | 2349610 | $45.00 | C001 | 000 | | N | | | CAC |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 6/1/2021 | 3:24 PM | ECOMP | COMPLAINT E-FILED. | STE153 |
| 6/1/2021 | 3:24 PM | FILE | FILED THIS DATE: 06/01/2021        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | EORD | E-ORDER FLAG SET TO "Y"        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | ASSJ | ASSIGNED TO JUDGE: JUDGE CODY ROBINSON   (AV01) | AJA |
| 6/1/2021 | 3:24 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 6/1/2021 | 3:24 PM | C001 | C001 PARTY ADDED: NELSON JESSICA        (AV02) | AJA |
| 6/1/2021 | 3:24 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 6/1/2021 | 3:24 PM | C001 | LISTED AS ATTORNEY FOR C001: STEPHENS JAMES MATTH | AJA |
| 6/1/2021 | 3:24 PM | C001 | LISTED AS ATTORNEY FOR C001: REBARCHAK BROOKE BOU | AJA |
| 6/1/2021 | 3:25 PM | C001 | LISTED AS ATTORNEY FOR C001: SEALS WALLACE WHITNE | AJA |
| 6/1/2021 | 3:25 PM | C001 | C001 E-ORDER FLAG SET TO "Y" | AJA |
| 6/1/2021 | 3:25 PM | D001 | D001 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 6/1/2021 | 3:25 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 6/1/2021 | 3:25 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE   (AV02) | AJA |
| 6/1/2021 | 3:25 PM | D001 | CERT MAIL-FIL ISSUED: 06/01/2021 TO D001  (AV02) | AJA |
| 6/1/2021 | 3:25 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 6/1/2021 | 3:49 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | SEA030 |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|

| 6/1/2021 3:24:22 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 6/1/2021 3:24:22 PM | 2 | COMPLAINT | | 14 |
| 6/1/2021 3:25:31 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 6/1/2021 3:25:32 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 6/1/2021 3:49:17 PM | 5 | NOTICE OF APPEARANCE | of W. Whitney Seals, as co-counsel for Plaintiff | 2 |
| 6/1/2021 3:49:22 PM | 6 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |

**END OF THE REPORT**

ELECTRONICALLY FILED
6/1/2021 3:24 PM
31-CV-2021-900272.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case:<br>31 |
|---|---|---|

Date of Filing:
06/01/2021      Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
### JESSICA NELSON v. EXPERIAN INFORMATION SOLUTIONS, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| ☐ WDEA - Wrongful Death | ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve |
| ☐ TONG - Negligence: General | ☐ CVRT - Civil Rights |
| ☐ TOMV - Negligence: Motor Vehicle | ☐ COND - Condemnation/Eminent Domain/Right-of-Way |
| ☐ TOWA - Wantonness | ☐ CTMP - Contempt of Court |
| ☐ TOPL - Product Liability/AEMLD | ☐ CONT - Contract/Ejectment/Writ of Seizure |
| ☐ TOMM - Malpractice-Medical | ☐ TOCN - Conversion |
| ☐ TOLM - Malpractice-Legal | ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division |
| ☐ TOOM - Malpractice-Other | ☐ CVUD - Eviction Appeal/Unlawful Detainer |
| ☐ TBFM - Fraud/Bad Faith/Misrepresentation | ☐ FORJ - Foreign Judgment |
| ☐ TOXX - Other: _____ | ☐ FORF - Fruits of Crime Forfeiture |
| | ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| **TORTS: PERSONAL INJURY** | ☐ PFAB - Protection From Abuse |
| ☐ TOPE - Personal Property | ☐ EPFA - Elder Protection From Abuse |
| ☐ TORE - Real Property | ☐ QTLB - Quiet Title Land Bank |
| | ☐ FELA - Railroad/Seaman (FELA) |
| **OTHER CIVIL FILINGS** | ☐ RPRO - Real Property |
| ☐ ABAN - Abandoned Automobile | ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ ACCT - Account & Nonmortgage | ☐ COMP - Workers' Compensation |
| ☐ APAA - Administrative Agency Appeal | ☑ CVXX - Miscellaneous Circuit Civil Case |
| ☐ ADPA - Administrative Procedure Act | |
| ☐ ANPS - Adults in Need of Protective Service | |

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
STE153        6/1/2021 3:24:14 PM        /s/ J MATTHEW STEPHENS
                          Date                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO


ELECTRONICALLY FILED
6/1/2021 3:24 PM
31-CV-2021-900272.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| JESSICA NELSON,<br>INDIVIDUALLY AND ON<br>BEHALF OF SIMILARLY<br>SITUATED CONSUMERS,<br><br>      PLAINTIFF,<br><br>V.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>      DEFENDANT. | )<br>)<br>)<br>)<br>)   **CIVIL ACTION NUMBER:**<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>) |

### CLASS ACTION COMPLAINT

This is an action brought by the Plaintiff, Jessica Nelson, individually and on behalf of other similarly situated consumers nationwide, for statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA").

### PARTIES

1.     The Plaintiff, Jessica Nelson (hereinafter "Plaintiff"), is a resident of the City of Gadsden in Etowah County, Alabama, and is over the age of twenty-one (21) years.

2.     The Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with a principal place of business in the State of California.  Equifax does and has at all pertinent times done business in Etowah

1

County, Alabama. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

3.     Upon information and belief, the Defendant Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff and the putative class, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

4.     Upon information and belief, the Defendant Experian disburses consumer reports to third parties for monetary compensation.

5.     All events herein occurred in this Etowah County, Alabama.

## INTRODUCTION

6.     This class action complaint describes how Experian, through a uniform and systematic course of conduct, refuses to conduct reinvestigations of disputed consumer information such as names, addresses, and social security numbers in violation of the Fair Credit Reporting Act.

7.     On two occasions Plaintiff sent a dispute letter to Experian requesting that it correct and/or delete incorrect information about Plaintiff's name, addresses and social security number. On both occasions Experian responded by refusing to conduct an investigation, by failing to contact the third-party information furnishers within five (5) business days of receiving the Plaintiff's dispute, and by instructing Plaintiff to contact the furnishers of the information and get the

2

information corrected through those sources. Experian also failed to delete or correct the incorrect information in violation of the FCRA.

8. By shirking its statutory duties, Experian's conduct is an outright violation of the FCRA, and its conduct as it relates to Plaintiff and the putative class is part of an intentional, corporate-wide policy that Experian inflicts on all consumers nationwide.

9. Upon information and belief, Experian sells consumers' data to lending institutions which send unsolicited offers of credit. As such, Experian knows, or should know, that consumers have an interest in offers of credit not being sent to incorrect addresses or that have incorrect names associated with the consumer in order to prevent possible identity theft.

## FACTUAL ALLEGATIONS

10. On or about November 29, 2019, Plaintiff obtained a copy of her Experian credit report.

11. Upon review of her credit report, Plaintiff noted that Experian was reporting two incorrect addresses, an incorrect name ("Jessica N. Bery"), and an incorrect social security number.

12. Plaintiff, on or about December 30, 2019, wrote a letter to Experian disputing the inaccurate information on her credit report.

13.     On or about January 22, 2020, Experian sent Plaintiff a letter to "JESSICA NICHOLE BERRY" that stated its "reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete."

14.     Plaintiff's name is Jessica Nelson as she clearly wrote in her December 30, 2019 dispute to Experian.  Jessica Nichole Berry was Plaintiff's maiden name.

15.     Experian wrote the following to Plaintiff in its January 22, 2020 letter: "We are responding to your request to remove a name or Social Security number on your personal credit report.  We store information based on identification information provided to us by credit grantors or from information contained in public records.  One or more sources of information reported information you questioned and it is a part of your credit history."

16.     Instead of conducting a reinvestigation as is *required* by the Fair Credit Reporting Act when a consumer like Plaintiff disputes any item on her credit report, Experian's January 22, 2020 letter went on to state: "If you believe an address in your credit report is inaccurate, you may want to contact the source of the information directly.  Please contact us by phone at 1 (800) 509-8495 if you need additional assistance to determine the specific sources of particular address information on your credit report."   In the same paragraph Experian also told

4

Plaintiff that if she disputed her Social Security number, she should contact the source of the information directly or call Experian.

17.     Experian, in its January 22, 2020 letter, did not list the source of any of the disputed addresses or Social Security number information.

18.     Essentially, Experian shifted its statutory duty to conduct a reinvestigation onto the Plaintiff without even telling her who was reporting the inaccurate information, by failing to let her know if the disputed information was verified, modified or deleted as a result of her dispute and requiring her to spend her time calling them so that they could potentially provide information relating to who was furnishing the inaccurate information instead of simply including that information in the letter it sent to Plaintiff.

19.     Nothing in the Fair Credit Reporting Act requires a consumer, such as Plaintiff and the putative class, to contact Experian in order to learn the names of any furnishers of disputed information such that she would have to contact those furnishers herself. Rather, the FCRA requires Experian to contact those furnishers and conduct an investigation of Plaintiff's dispute promptly and free of charge.

20.     Upon information and belief, Experian, pursuant to its own internal polices, conducted no meaningful reinvestigation of Plaintiff's dispute, and did not contact any third party or consult any other source of information other than its own inaccurate internal records.

5

21.     Upon information and belief, Experian, despite the statutory requirement under 15 U.S.C. § 1681i(a)(2) to contact the furnisher of any disputed information within five (5) business days of receiving notice of Plaintiff's dispute, intentionally and, as a matter of policy, failed or refused to notify any entity that provided Experian with the information that Plaintiff disputed in her December 30, 2019 letter.

22.     Despite the clear requirements of 15 U.S.C. § 1681i(a)(2), Experian's January 22, 2020 letter to Plaintiff stated: "In some instances we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or vendor."

23.     On February 7, 2020, after receiving Experian's January 22, 2020 letter, Plaintiff wrote again to Experian.

24.     In her February 7, 2020 letter, Plaintiff reiterated her dispute regarding the incorrect name, addresses and Social Security number on her credit report and requested that Experian provide the source(s) of this inaccurate information in writing to her so that she could contact the furnishers herself since Experian was refusing to investigate her dispute.

25.     In her February 7, 2020 letter, Plaintiff expressed to Experian that she was concerned that the incorrect name, addresses and Social Security number indicated that her identity potentially was stolen.

6

26.     Experian responded to Plaintiff's February 7, 2020 dispute on or about February 26, 2020.  This letter was addressed to "JESSICA NICHOLE NELSON."

27.     Experian's February 26, 2020 dispute results letter again stated: "If you believe an address in your credit report is inaccurate, you may want to contact the source of the information directly.  Please contact us by phone at 1 (800) 509-8495 if you need additional assistance to determine the specific sources of particular address information on your credit report."

28.     Again, as before, Experian's February 26, 2020 letter did not identify the sources of any of the information that Plaintiff disputed.

29.     There was no indication in Experian's February 26, 2020 letter that the other inaccurate address, the inaccurate name or the inaccurate Social Security number were verified, deleted or modified as the result of any reinvestigation conducted by Experian.

30.     Upon information and belief, Experian, despite the statutory requirement under 15 U.S.C. § 1681i(a)(2) to contact the furnisher of any disputed information within five (5) business days of receiving notice of Plaintiff's dispute, intentionally and, as a matter of policy, failed or refused to notify any entity that provided Experian with the information that Plaintiff disputed in her February 7, 2020 letter.

7

31.    Plaintiff again wrote to Experian on February 12, 2021.   In her February 12, 2021 dispute letter, she again reiterated her dispute of the inaccurate name, address and Social Security number that Experian was reporting.

32.    To date, Plaintiff has received no response to her February 12, 2021 letter.

33.    Plaintiff incurred the cost of sending her three letters to Experian by certified mail with return receipt requested.

34.    Upon information and belief, to date, Experian has still failed or refused to reinvestigate all of the information disputed by the Plaintiff.

35.    Upon information and belief, Experian, as a matter of policy and in violation of FCRA, upon receipt of a consumer's dispute of a reported name, address or phone number, does not contact any third parties and does not conduct a reasonable reinvestigation as required by FCRA.  Rather, Experian sends a form letter, much like the letters received by the Plaintiff, directing the consumer to contact the furnisher of any such disputed information directly without identifying the furnisher of the disputed information and providing a number for the consumer to call to ostensibly determine who is furnishing the inaccurate information and then conduct his or her own investigation.

36.    Experian's policy was recklessly or intentionally implemented and violates FCRA.

## COUNT ONE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681
## ET SEQ. AGAINST THE DEFENDANT EXPERIAN

37.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

38.    The Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to the furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file and by failing to provide notification of Plaintiff's dispute to the furnisher of such disputed information within five (5) business days after receiving Plaintiff's disputes.

39.    Defendant Experian's conduct was willful, rendering this Defendant liable for statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40.    The Plaintiff is entitled to recover costs and attorney's fees from the Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## CLASS ALLEGATIONS

41.    Plaintiff adopts and incorporates the factual allegations set out above.

42.    Plaintiff brings this action pursuant to ALA. R. CIV. P. 23 on behalf of

herself and all others similarly situated who comprise a Class which is defined as

follows:

> All consumers in the United States of America who: (a) disputed
> information appearing on their Experian credit report; and (b) received from
> Experian within the last two years a response letter directing him or her to
> contact the furnisher of any such disputed information directly without
> identifying the furnisher of the disputed information.

43.    Plaintiff is a member of the Class.

44.    Excluded from the Class are judicial personnel involved in

considering the claims herein, all persons in bankruptcy, Defendant Experian, any

entities in which Experian has a controlling interest, and all of Experian's legal

representatives, heirs and successors.

45.    It is estimated that the Class consists of thousands of consumers

nationwide.  Accordingly, the members of the Class are so numerous that joinder

of all members, whether otherwise required or permitted, is impracticable. The

exact number of Class members is presently unknown to Plaintiff but can easily be

self-identified or ascertained from Experian's records.

46.    There are numerous questions of law or fact common to the members

of the Class which predominate over any questions affecting only individual

members and which make class certification appropriate in this case, including:

    a. Whether Experian, as a matter of policy and in violation of FCRA, upon receipt of a consumer's dispute of a reported name, address or phone number, does not contact any third parties and does not conduct a reasonable reinvestigation as required by FCRA;

    b. Whether Experian, after receiving a dispute such as Plaintiff's, pursuant to its own internal polices and in violation of the FCRA, conducts no meaningful reinvestigation of the dispute and does not contact any third party or consult any other source of information other than its own inaccurate internal records;

    c. Whether Experian, in violation of the FCRA, has failed to delete inaccurate information in the Plaintiff's and putative class's credit files after receiving actual notice of such inaccuracies;

    d. Whether Experian, in violation of the FCRA, has failed to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's and putative class's credit files;

    e. Whether Experian, in violation of the FCRA, has failed to provide notification of Plaintiff's and putative class members' disputes to the furnisher of such disputed information within five (5) business days after receiving the disputes; and

    f. Whether Experian's conduct was willful or intentional.

    47.    The claims asserted by the named Plaintiff are typical of the claims of the members of the Class, and Experian's common and uniform course of conduct as set out herein is applicable to each member of the putative class.

    48.    This class action satisfies the criteria set forth in ALA. R. CIV. P. 23(a) and 23(b) in that Plaintiff is a member of the Class; Plaintiff will fairly and adequately protect the interests of the members of the Class; Plaintiff's interests

are coincident with and not antagonistic to those of the Class; Plaintiff has retained

attorneys experienced in class and complex litigation; and Plaintiff has, through

her counsel, access to adequate financial resources to assure that the interests of the

Class are adequately protected.

49.     A class action is superior to other available methods for the fair and

efficient adjudication of this controversy for at least the following reasons:

a.  it is economically impractical for most members of the Class to prosecute
separate, individual actions; and

b.  after the liability of Experian has been adjudicated, the individual and
aggregate damages claims of all members of the Class can be determined
readily by the Court.

50.     Litigation of separate actions by individual Class members would

create the risk of inconsistent or varying adjudications with respect to the

individual Class members which would substantially impair or impede the ability

of other Class members to protect their interests.

51.     Class certification is also appropriate because Experian has acted or

refused to act on grounds generally applicable to the Class, thereby making

appropriate declaratory and/or injunctive relief with respect to the claims of

Plaintiff and the Class members.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a

judgment against the Defendant as follows:

A.      Declaratory judgment that the Defendant's conduct violated the FCRA;

B.      Statutory damages;

C.      Punitive damages;

D.      Costs and reasonable attorney's fees;

E.      Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Dated this 1st day of June, 2021.

Respectfully submitted,

/S/ J. Matthew Stephens
J. MATTHEW STEPHENS
Attorney for Plaintiff

**OF COUNSEL:**

J. Matthew Stephens
Brook B. Rebarchak
**METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939-0199
Facsimile:   (205) 939-0399
mstephens@mtattorneys.com
brebarchak@mtattorneys.com

13

**COCHRUN & SEALS, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
whitney@cochrunseals.com

*Attorneys for Plaintiff and the Proposed*
*Classes*

**Defendant to be served via Certified Mail, Return Receipt Requested, at:**

**Experian Information Solutions, Inc.**
**c/o CT Corporation System, Registered Agent**
**4400 Easton Commons Way**
**Suite 125**
**Columbus, Ohio 43219**



**AlaFile E-Notice**

31-CV-2021-900272.00

To: J MATTHEW STEPHENS
mstephens@mmlaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following complaint was FILED on 6/1/2021 3:24:22 PM

Notice Date:     6/1/2021 3:24:22 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150



**AlaFile E-Notice**

31-CV-2021-900272.00

To:  EXPERIAN INFORMATION SOLUTIONS, INC.
     C/O CT CORPORATION SYSTEM
     4400 EASTON COMMONS WAY
     COLUMBUS, OH, 43219

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following complaint was FILED on 6/1/2021 3:24:22 PM

Notice Date:     6/1/2021 3:24:22 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>31-CV-2021-900272.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
### JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.

**NOTICE TO:** EXPERIAN INFORMATION SOLUTIONS, INC., C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY, COLUMBUS, OH 43219

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J MATTHEW STEPHENS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2201 ARLINGTON AVENUE SOUTH, BIRIMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JESSICA NELSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/01/2021 | /s/ CASSANDRA JOHNSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ J MATTHEW STEPHENS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*



ELECTRONICALLY FILED
6/1/2021 3:49 PM
31-CV-2021-900272.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

# IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | | |
|---|---|---|
| JESSICA NELSON, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATION CONSUMERS, | ) ) ) ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | 31–CV-2021-900272 |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC, et. al., | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF APPEARANCE

**COMES NOW**, W. Whitney Seals, of the law firm of Cochrun & Seals, LLC, P.O. Box 10448, Birmingham, Alabama 35202, and moves this Honorable Court to enter his name as co-counsel of record in the above-styled cause for the Plaintiff.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I do hereby certify on June 1, 2021, the foregoing was electronically filed with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-AlaFile participants:

Experian Information Solutions, Inc.
Reg. Agt. CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

　　　　　　　　　　　　*/s/ W. Whitney Seals*
　　　　　　　　　　　　OF COUNSEL



**AlaFile E-Notice**

31-CV-2021-900272.00

To: WALLACE WHITNEY SEALS
anita@cochrunseals.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following NOTICE OF APPEARANCE was FILED on 6/1/2021 3:49:17 PM

Notice Date:      6/1/2021 3:49:17 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150



**AlaFile E-Notice**

31-CV-2021-900272.00

To: EXPERIAN INFORMATION SOLUTIONS, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY
COLUMBUS, OH, 43219-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following NOTICE OF APPEARANCE was FILED on 6/1/2021 3:49:17 PM

Notice Date:     6/1/2021 3:49:17 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150



**AlaFile E-Notice**

31-CV-2021-900272.00

To: STEPHENS JAMES MATTHEW
mstephens@mmlaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following NOTICE OF APPEARANCE was FILED on 6/1/2021 3:49:17 PM

Notice Date:     6/1/2021 3:49:17 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150



**AlaFile E-Notice**

31-CV-2021-900272.00

To:  REBARCHAK BROOKE BOUCEK
     brebarchak@mmlaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

JESSICA NELSON V. EXPERIAN INFORMATION SOLUTIONS, INC.
31-CV-2021-900272.00

The following NOTICE OF APPEARANCE was FILED on 6/1/2021 3:49:17 PM

Notice Date:     6/1/2021 3:49:17 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150