UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**JESSICA NELSON,**
    Plaintiff,

v.                                                     Case No. 4:21-cv-894-CLM

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**
    Defendant.

## MEMORANDUM OPINION

    Jessica Nelson sued Experian for violating the Fair Credit Reporting Act (FCRA) after Experian failed to correct inaccurate personal identification information on Nelson's credit report—*i.e.*, her maiden name, address, and Social Security number—in violation of 15 U.S.C. § 1681i.

    Experian argues that the court should grant it summary judgment for four reasons: (a) it accurately reported the inaccurate information it received, (b) Experian did not cause Nelson's injury (if any), (c) § 1681i's reinvestigation requirement does not apply to personal identification information, and (d) Experian is not liable for its employees' unauthorized acts. (Doc. 67).

    The court heard argument on Experian's motion. At the hearing, both parties agreed that the court must grant summary judgment if the court finds that § 1681i imposed no duty on Experian to reinvestigate Nelson's dispute over inaccurate personal identification information.

    As explained within, the court finds that, even though the plain language of § 1681i imposed a duty on Experian to reinvestigate the accuracy of Nelson's name, current and former addresses, and Social Security number (SSN), it was not objectively unreasonable for Experian to believe that § 1681i imposed no such duty. So even though Experian may have violated the statute's plain language, Nelson has no claim for negligent or willful noncompliance with the Act. 15 U.S.C. §§ 1681n, 1681o. The court thus **GRANTS** Experian's motion for summary judgment. (Docs. 64, 65).

1

## BACKGROUND

1. <u>The Dispute Letters</u>:

Jessica Nelson found inaccurate information on her Experian credit report: two addresses that were not hers, her maiden name that was used and misspelled, and an incorrect last digit of her SSN. So Nelson sent a letter to Experian asking Experian to delete that information. Experian sent a letter back to Nelson instructing her to call Experian if she needed assistance determining the source of the disputed information but did not delete the disputed information or notify the furnishers of that information.

Nelson sent a second letter requesting Experian delete the information. Experian deleted one of the addresses, the misspelled maiden name, and the incorrect SSN. Experian did not delete the other address ("Argyle address") because it was associated with an open credit account. Experian did not notify the furnishers of the deleted information or the furnisher of the address that it chose to keep. Instead, Experian sent Nelson a letter that instructed her to contact Experian or the source of the information but did not inform her that it removed the three pieces of information.

Believing that she had been twice ignored, Nelson sent Experian a third letter disputing the information. Experian did not remove the Argyle address because it was still associated with an open account. And again, Experian did not notify the furnishers of the information. In its response letter, Experian did not tell Nelson that the address remained on her report and that the disputed social security number and name were removed. So Nelson sued Experian for negligent and willful noncompliance with the Fair Credit Reporting Act.

2. <u>The Fair Credit Reporting Act (FCRA)</u>:

The reinvestigation section of the FCRA provides that:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation

> to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A). If the consumer reporting agency (CRA) determines that the dispute is frivolous or irrelevant, it needn't conduct a reinvestigation of the disputed information. 15 U.S.C. § 1681i(a)(2). If the CRA does not make this determination, then it must conduct a "reasonable reinvestigation," *id.*, delete or modify information it determines to be inaccurate, 15 U.S.C. § 1681i(a)(5), and notify the consumer of the results of the reinvestigation. 15 U.S.C. § 1681i(a)(6). On top of all this, the FCRA also requires the CRA to notify furnishers of information about the dispute. 15 U.S.C. § 1681i(a)(2).

This chart summarizes the CRA's duties and options once it receives a direct dispute about "information contained in a consumer's file":



The question presented is whether a consumer's name, address, or Social Security number is considered "any item of information contained in a consumer's file" that must be reinvestigated if a consumer files a dispute under § 1681i. If the answer is yes, then Experian had to comply with the above chart. If the answer is no, Experian did not.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Experian is entitled to summary judgment if either of two things is true. First, if § 1681i does not require CRAs to reinvestigate the accuracy of personal identification information (PII) like names, addresses, and SSNs, then Nelson cannot prove that Experian negligently or willfully breached a duty imposed by the FCRA. Second, even if § 1681i applies to PII disputes, if Experian can show that it was objectively reasonable to believe that § 1681i does not apply to PII disputes, then Supreme Court precedent says that Nelson cannot prove negligence or willful noncompliance. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68–70 (2007). The court addresses both duty-based arguments below, starting with a plain reading of the FCRA.

### 1. The FCRA requires reinvestigation when a consumer disputes the accuracy of her name, address, or Social Security number.

Section 1681i requires a CRA to conduct a reasonable reinvestigation only if a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" at the CRA. Nelson argues that "any item of information contained in a consumer's file" means what it says: *any* item of information contained in the consumer's file, including her name, address(es), and SSN. Experian counters that "any" doesn't mean "any"; rather, it is "limited to information that might be furnished, or has been furnished in a consumer report, and a consumer's name, SSN, and address does not itself constitute a credit report because it does not bear on an individual's creditworthiness." Doc. 67 at 24 (citations omitted). To resolve this dispute, we start (as we must) with the text. *See* Antonin Scalia & Bryan A.

4

Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012) ("The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.").

### A. "Any information" cannot mean *any* information.

Again, a CRA must reinvestigate a consumer's dispute about "any item of information contained in a consumer's file." 15 U.S.C. § 1681i. Nelson rightly points to the definition of "file" as the starting point:

> The term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

15 U.S.C. § 1681a(g). Nelson reads this definition plainly to mean that if the CRA records and retains a piece of information, then the information is considered to be in the consumer's file. Because Experian recorded and retained Nelson's name, addresses, and SSN, those pieces of information must be considered "item[s] of information contained in a consumer's file" that must be reinvestigated if Nelson disputes them. 15 U.S.C. § 1681i.

Normally, we could stop here. Congress said all information means "all information," and we should take Congress at its word. *See Reading Law* at 56. But Experian points to the FCRA's disclosure provision, which requires CRAs to disclose six categories of information if requested by the consumer, including one category of "all information in the consumer's file":

1. "All information in the consumer's file at the time of the request;"
2. The sources of the information;
3. The identification of each person that procured a consumer report;
4. The dates, payees, and amounts of checks that support an adverse characterization;
5. A record of inquiries that identify the consumer in connection with a credit or insurance action initiated by someone else; and,
6. A statement that the consumer can request his credit score.

15 U.S.C. § 1681g(a) (highlight added). Experian argues that Congress' listing of certain types of information recorded and retained by the CRA—*e.g.*, the

dates and amounts of certain checks, the identification of persons who procured the consumer's report, and records of inquiries—after the broad phrase "all information in the consumer's file" shows that Congress did not literally mean *all information* in the consumer's file when it defined "file" to mean "all information in the consumer's file." *Id.* If a consumer's file contained "all information" the CRA recorded and retained, Congress would not have listed five more categories of information. As discussed in Part II, two circuit courts have made the same point when deciding cases about CRAs' duty to disclose. *See Tailford v. Experian Info. Solutions*, 26 F.4th 1092 (9th Cir. 2022); *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007).

This court agrees; Congress' addition of five subcategories of information after the broad phrase "all information in the consumer's file" means that courts cannot consider *all* information that a CRA records and retains on a consumer to be a part of that consumer's file, despite the definition of "file" in § 1681a. To read the definition as broadly as Nelson would violate the surplusage canon by making the five subcategories of information in § 1681(g)(a)(2-6) unnecessary. *See Reading Law* at 174. ("If possible, every word and every provision is to be given effect. None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.") (Latin omitted).

The court thus rejects Nelson's argument that CRAs must reinvestigate literally all information recorded and retained by the CRA. But that doesn't answer the ultimate question: are names, addresses, and SSNs the type of information that CRAs must reinvestigate when disputed? None of these pieces of information fit within the five subcategories of information in § 1681g(a) that fall outside the umbrella term "all information in the consumer's file." So Experian must point to some other provision of the FCRA that excludes PII from the consumer's file, otherwise that information falls in the broad category of "any information contained in the consumer's file."

### B. "Any information" does include name, address, and SSN.

If "any item of information contained in a consumer's file," 15 U.S.C. § 1681i, doesn't mean "all of the information on that consumer recorded and retained by the [CRA]," 15 U.S.C. § 1681a(g), then what does it mean? Experian argues that the phrase is "limited to information that might be

6

furnished, or has been furnished in a consumer report, and a consumer's name, SSN, and address does not itself constitute a credit report because it does not bear on an individual's creditworthiness." Doc. 67 at 24 (citations omitted). At the hearing, Experian's counsel affirmed that Experian reads the statute to limit its duties to disclose and reinvestigate to information that bears on the consumer's credit worthiness. Because Nelson's name, former addresses, and SSN do not bear on her credit worthiness, Experian argues these pieces of information should not be considered "any item of information contained in a consumer's file" that must be reinvestigated. 15 U.S.C. § 1681i.

But several provisions of the FCRA foreclose this reading. First, let's look again at the definition section, § 1681a. Experian's credit worthiness-based limitation tracks the definition of "consumer report":

> The term 'consumer report' means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
>
>   (A)  Credit or insurance to be used primarily for personal, family, or household purposes;
>   (B)  Employment purposes; or
>   (C)  Any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d) (highlight added). If the court limits the phrase "any item of information contained in a consumer's file," 15 U.S.C. § 1681i, to information "bearing on a consumer's credit worthiness"—*i.e.*, information contained in a "consumer report"—then the definition of "consumer report" would swallow the distinct and broader definition of "file," which includes "all of the information on that consumer recorded and retained by a [CRA]." 15 U.S.C. §1681a(g). But the surplusage canon requires the court to read the terms "file" and "consumer report" to define distinct amounts of information, *Reading Law* at 174-75, as does 15 U.S.C. § 1681v, which requires CRAs to "furnish a consumer report of

==a consumer and all other information in a consumer's file== to a government agency authorized to conduct investigations[.]" (highlight added). In short, the FCRA's plain language and canons of construction forbid the use of credit worthiness as the limitation on information contained in both the consumer's credit report and the consumer's file.

Second, let's look back to § 1681g, the disclosure provision that listed five subcategories of information after the general phrase "all information in the consumer's file." Here's the entire first category:

> (a) Information on file; sources; report recipients
>
> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:
>
> (1) ==All information in the consumer's file== at the time of the request, ==except that—==
>
> (A) ==if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure==; and
>
> (B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g(a)(1) (highlight added). The highlighted subsection says that, when requesting "all information in the consumer's file," the consumer can ask the CRA to redact five of her nine SSN digits before the CRA discloses the SSN number it has on file. Of course, this means that the consumer's SSN is part of the "information in the consumer's file." *See Reading Law* at 154 ("a proviso conditions the principal matter that it qualifies—almost always the matter immediately preceding"). To read the statute to exclude SSNs as

information contained in the consumer's file would require the court to ignore this plain language.

Third, 15 U.S.C. § 1681c(h) similarly places a consumer's address inside the consumer's file. Under that provision, if a third party requests a consumer's report from a CRA, and "the request includes an address for the consumer that substantially differs from the addresses in the file of the consumer, and the agency provides a consumer report in response to the request, the consumer reporting agency shall notify the requester of the existence of the discrepancy." (highlight added). Congress said in plain language that a consumer's current and former addresses are contained "in the file of the consumer." To hold that addresses are not information in the consumer's file, as Experian requests, would ignore this plain language.

Fourth, 15 U.S.C. § 1681u puts names and addresses in the consumer's file. That provision requires CRAs to "furnish identifying information respecting a consumer, limited to name, address, former addresses, places of employment, or former places of employment, to the Federal Bureau of Investigation when presented with a written request[.]" (highlight added). While this provision does not use the word "file," as the previous three sections did, Congress expected the CRAs to record and retain this information somewhere, otherwise Congress could not expect CRAs to produce it.

In sum, Sections 1681c(h), 1681g(a)(1), and 1681u place names, addresses, and SSNs in the consumer's file, as that term is defined in Section 1681a(g). To remove those pieces of information from the consumer's file because they do not bear on the consumer's credit worthiness would require the court to ignore the FCRA's plain language and multiple canons of construction. Because Experian cannot point to any provision of the FCRA that limits information contained in the consumer's file to information that bears on credit worthiness, the court refuses to do so. As a result, the court finds that name, addresses, and SSNs fit within the phrase "any item of information contained in a consumer's file," 15 U.S.C. § 1681i, and Experian thus had a

duty to reinvestigate the accuracy of Nelson's name, addresses, and SSN when Nelson filed a direct dispute under that provision.

## 2. Experian reasonably believed that the FCRA did not require it to reinvestigate the accuracy of Nelson's name, addresses, and SSN.

Showing that Experian had a duty to reinvestigate is not enough to prove a violation of the FCRA. Nelson also has to prove that Experian either negligently (15 U.S.C. § 1681o) or willfully (15 U.S.C. § 1681n) failed to satisfy its duty to reinvestigate. And to do that, Nelson must show that Experian's interpretation of the FCRA was objectively unreasonable. *Safeco*, 551 U.S. at 68–70.

In this Circuit, if a CRA's decision not to reinvestigate disputed information is "based on the text of the Act, judicial precedent, or guidance from administrative agencies," the CRA is not liable for negligence. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (citing *Safeco*, 551 U.S. at 70). And "[a] consumer reporting agency that adopts an objectively reasonable reading of the Act does not knowingly violate the Act." *Id.*

While the court rejects Experian's interpretation of the FCRA, the court cannot say that Experian's interpretation is objectively unreasonable. At the hearing, the parties agreed that no court has decided the question presented—*i.e.*, do CRAs have to reinvestigate disputed names, addresses, and SSNs? And Experian cites two circuit opinions related to CRAs' duty to disclose and relevant Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB) regulations that arguably support Experian's argument that disclosures and reinvestigations should be limited to information that bears on the consumer's credit worthiness.

We'll start with the circuit precedent. First, the Seventh Circuit considered "whether the term 'file' in § 1681g(a)(1) encompasses everything in Trans Union's consumer file, or just material included in a consumer report issued to third parties." *Gillespie*, 482 F.3d at 908. Like this court in Part I, the Circuit Court noted that while § 1681g(a)(1) requires CRAs to disclose all information in the consumer's file, the next five paragraphs list other types of information that must be revealed as well. *Id.* at 909. To avoid an

10

interpretation of "file" that would render those paragraphs superfluous, the court agreed with Trans Union that "only the information included in a consumer's credit report must be disclosed." *Id.*

In reaching this conclusion, the Circuit Court also considered FTC commentary on 1681g that it said "limits the scope of the term 'file' to material included in a consumer report." *Id.* (citing 16 C.F.R. pt. 600, app. § 603) ("The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer."). And the court looked to the Senate Committee Report that stated: "Section 408 explicitly requires consumer reporting agencies to provide, upon request, all information in the consumer's file. The Committee intends this language to ensure that a consumer will receive a copy of that *consumer's report,* rather than a summary of the information contained therein." S.Rep. No. 104–185, at 41 (1995).

In the second case, the Ninth Circuit agreed with the Seventh Circuit. *Tailford*, 26 F.4th at 1092. Like the Seventh Circuit and this court, the Ninth Circuit reasoned that it should avoid a definition of "file" that would render the five enumerated categories of information that follow it in 1681g superfluous. *Id.* at 1101. The court also reasoned that an expansive definition of "file" would include "huge swaths of information" and "would essentially mean that any and all information ever retained by a CRA, even if it is not data that would appear in a credit report, could be considered 'consumer report' data." *Id.* at 1102. Thus, the court held that the information Experian failed to disclose was not a part of the consumer's file because it was not "of the type that has been included in a consumer report in the past or is planned to be included in such a report in the future." *Id.*

On top of circuit caselaw, Experian points to regulations from the CFPB and FTC that it says suggest that personal identifying information is not a part of a consumer's file.[1] Those regulations apply to a furnisher's (not CRAs') duty to reinvestigate information disputed by a consumer. The regulations say that

---

[1] "The Bureau, in consultation with the Federal Trade Commission, the Federal banking agencies, and the National Credit Union Administration, shall prescribe regulations that shall identify the circumstances under which a furnisher shall be required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer." 15 U.S.C. § 1681s-2(a)(8)(A).

11

a furnisher need not reinvestigate disputed information if the dispute relates to "[t]he consumer's identifying information (other than a direct dispute relating to a consumer's liability for a credit account or other debt with the furnisher, as provided in paragraph (a)(1) of this section) such as name(s), date of birth, Social Security number, telephone number(s), or address(es)." 12 CFR § 1022.43(b)(1)(i); 16 CFR § 660.4(b)(1)(i). Experian argues that it makes no sense to read the FCRA to require CRAs to reinvestigate the accuracy of names, addresses, and SSNs when regulations remove the same duty from furnishers of that information.

The court disagrees with Experian's precedent. As for the caselaw, this court disagrees with the Seventh and Ninth Circuit's reliance on FTC commentary and Senate Committee Reports to craft a credit worthiness-limitation that (in this court's opinion) flouts the FCRA's plain language. As for the regulations that define a furnisher's duty to reinvestigate, Congress and the agencies know the distinction between furnishers and CRAs. Neither has exempted CRAs from their duty to reinvestigate the accuracy of personal identifying information, and "the principle that a matter not covered is not covered is so obvious that is seems absurd to recite it." *Reading Law* at 93.

That said, while the court may disagree with Experian's statutory interpretation, the court cannot say that Experian's interpretation is objectively unreasonable. With no caselaw on point, Experian can reasonably rely on FTC guidance and other court's decisions on similar questions.

The Eleventh Circuit's opinion in *Pedro v. Equifax, Inc.* is instructive. 868 F.3d 1275, 1280 (11th Cir. 2017). There, the Circuit Court considered competing interpretations of the phrase "maximum possible accuracy." *Id.* at 1281. While the court reasoned that the plaintiff had the better reading of the FCRA, the court ultimately held that the defendant's interpretation was not objectively unreasonable because it had some foundation in the text and "a sufficiently convincing justification to have persuaded [multiple courts] to adopt it." *Id.* (quoting *Safeco*, 551 U.S. at 69–70). Even more, the court noted

that the plaintiff cited no judicial precedent or agency guidance to the contrary. *Id.* (citing *Safeco*, 551 U.S. at 70).

The same is true here. No caselaw told Experian that its interpretation was wrong, and other circuits' precedent and CFPB and FTC regulations suggested that Experian could be right. As a result, no jury could find that Experian negligently or willfully violated the FCRA because Experian's interpretation of the FCRA was objectively reasonable.

## CONCLUSION

For the reasons stated above, the court **WILL GRANT** Experian's motion for summary judgment. (Docs. 64, 65). Because the court is granting summary judgment in Experian's favor, the court will **DENY AS MOOT** Nelson's motion for class certification (doc. 42) and motion for partial summary judgment (doc. 43). The court will enter an accompanying order that carries out this opinion.

**DONE** and **ORDERED** on August 16, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE